UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **MARTIN J. WALSH,** Secretary of Labor, United States Department of Labor, [1]<br><br>Plaintiff,<br><br>v.<br><br>**TTMT, INC d/b/a Genesis Restaurant, TOM TSOPELAS, Individually,** and **GEORGE TSOPELAS, Individually.**<br><br>Defendants | Case No. Case No. 2:19-CV-01904-WED<br><br>WILLIAM E. DUFFIN<br><br>U.S. Magistrate Judge |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, filed his complaint alleging Defendants TTMT, Inc. d/b/a Genesis Restaurant, Tom Tsopelas, individually, and George Tsopelas, individually (collectively "Defendants"), violated Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("Act" or "FLSA"). Defendants have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defense which they may have and, having been duly advised in the premises, agree to the entry of this Judgment without contest.

Defendants admit and the Court finds Defendants are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common

---

[1]. Martin J. Walsh, Secretary of Labor, United States Department of Labor is automatically substituted for former Secretary of Labor Scalia, per Federal Rule of Civil Procedure 25(d).

control for a common business purpose and, at all times hereinafter mentioned, were an "enterprise" under 29 U.S.C. 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. Section 3(1)(A) of the Act.

Defendants admit and the Court finds they are and, at all times hereinafter mentioned, were employers as defined under 29 U.S.C. 203(d) of the Act.

Except for these proceedings, matters arising out of these proceedings, and any other subsequent proceedings between the parties, none of the foregoing agreements, statements, findings, and actions taken by Defendants shall be deemed an admission by Defendants of the allegations in the Secretary's Complaint or an admission by Defendants of any wrongdoing of the FLSA. The agreements, statements, findings, and actions taken herein are made for the purpose of resolving this matter in an amicable manner, and they shall not be used for any other purpose, except as stated heretofore.

**NOW**, therefore, upon motion of attorneys for the Secretary and Defendants, and for cause shown, it is hereby:

**ORDERED AND JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to Sections 16(c) and 17 of the FLSA as follows:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the Act, Defendants, their agents, servants, successors, assigns and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for wages at rates less than $7.25 under the Act (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the Act).

2. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his/her employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he/she is employed.

3. Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

4. Defendants agree to maintain all records required by the Act, including a weekly accurate record of tipped employees and their contributions to any tip pools (including individual monetary contribution totals), and a weekly accurate record of the evidence of distribution of any tip pool monies. Defendants agree to maintain these records and to produce them to the Wage and Hour Division, when requested and as required by the Act.

5. Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or offer to return to Defendants or to someone else for Defendants, any

money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him/her from Defendants under the provisions of this judgment or the Act.

6. Defendants, their agents, officers or employees shall not, contrary to Section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendants or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Division.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Sections 16(c) and 16(e)(2) of the Act, in favor of the Secretary and against Defendants in the total amount of $40,307.37 ("Recovery Amount") as follows:

7. Defendants are enjoined and restrained from withholding gross back wages in the sum total amount $18,707.38 due certain employees and former employees of Defendants, and for the time periods, set forth and identified in Exhibit A, which is attached as Exhibit A hereto and made a part hereof.

8. The Recovery Amount represents $18,707.38 in back wages and $18,707.38 in

liquidated damages for alleged violations of the minimum wage and overtime provisions of the Act by Defendants alleged to have occurred during the period beginning December 31, 2016 and ending April 22, 2018 ("relevant period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendants for the relevant period to the employees set forth and identified on the attached Exhibit A. It is further agreed that the minimum wage and overtime compensation payments by Defendants in the amount as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act. The Recovery Amount also represents $2,892.61 in civil money penalties.

9. The Secretary shall distribute the money to the employees listed in Exhibit A in the amounts following each employee's name (or to their estates, if necessary), less applicable deductions for employees' share of FICA, Medicare, and withholding taxes.

10. Defendants shall be responsible for the employer's share of FICA, Medicare, and other applicable taxes and any other necessary payments to the appropriate federal and state revenue authorities for the employees listed on Exhibit A.

11. On or before June 30, 2021, Defendants shall pay to the Secretary $37,414.76, which represents the total amount of back wages and liquidated damages owed. Defendants shall pay this $37,414.76 amount by Cashier's Check payable to "DOL-Wage and Hour Division" and noting the Case Identification number, which is "1848054." Defendants shall deliver that check to: U.S. Dept. of Labor, W&H Division, Midwest Regional Office, P.O. Box 2638, Chicago, IL 60690-2638. Alternatively, Defendants shall pay $37,414.76 online by ACH transfer, credit card, debit card, or digital wallet by going to www.pay.gov/public/form/start/77692637 or by going to www.pay.gov.

12. Within fourteen days of the entry of this Judgment, Defendants shall provide the Secretary with contact information and social security numbers for the employees listed in Exhibit A to assist the Secretary in locating those employees. Such information shall be emailed

to: WHD-MNBW@dol.gov or mailed to: U.S. Department of Labor, Wage and Hour Division, 310 W. Wisconsin Avenue, Suite 1170, Milwaukee, Wisconsin, 53203.

13. Any portion of the Recovery Amount not paid to the employees listed in Exhibit A within three years from the date of receipt of the funds shall, pursuant to Section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(e)(2) of the Act, in favor of the Plaintiff and against the Defendants in the total civil money penalty amount of $2,892.61, as included in the $40,307.37 Recovery Amount.

14. On or before June 30, 2021, Defendants shall pay to the Secretary $2,892.61, which represents the amount of civil money penalties owed. Defendants shall pay the above civil money penalty by Cashier's Check payable to " DOL-Wage and Hour Division" and noting the Case Identification numbers, which are "1848054 (CMP No. 54890)," Defendants shall deliver shall deliver that check to: U.S. Dept. of Labor, W&H Division, Midwest Regional Office, P.O. Box 2638, Chicago, IL 60690-2638. Alternatively, Defendants shall pay the above civil money penalty by online by ACH transfer, credit card, debit card, or digital wallet by going to www.pay.gov/public/form/start/77734516 or by going to www.pay.gov.

15. Each party shall bear its/his own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs and expenses, including, but not limited to, any and all costs and expenses referenced under the Equal Access to Justice Act, as amended.

### III.

16. The provisions of this Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of

any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

17. The parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named in Exhibit A or the Secretary for any period after April 22, 2018, or any persons, be they current or former employees, not specifically named in Exhibit A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

18. By entering into this Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

## IV

19. This Judgment constitutes the entire agreement of the parties and resolves the issues in the Complaint, including the back wages due for only those employees and only those periods of time listed in Exhibit A.

20. Exhibit A attached hereto shall be incorporated into this Judgment by reference.

## V

21. The Court shall retain jurisdiction over this matter for purposes of enforcing the terms and conditions of this Judgment.

All of which is ORDERED, ADJUDGED and DECREED this 4th day of August, 2021.

*William E. Duffin* (signature)

**WILLIAM E. DUFFIN**
U.S. Magistrate Judge

| For the Secretary: | For All Defendants: |
|---|---|
| /s/ *Michelle Marie DeBaltzo*/Date: 6/29/21<br>Michelle Marie DeBaltzo<br>(OH #0067998)<br><br>Senior Trial Attorney<br>US Department of Labor<br>1240 East 9th Street, Rm. 881<br>Cleveland, Ohio 44199<br>(216) 522-3879 direct<br><br>(216) 522-7172 facsimile<br>Email: debaltzo.michelle@dol.gov<br>OF COUNSEL<br><br>ELENA S. GOLSTEIN<br><br>Acting Solicitor of Labor<br>CHRISTINE Z. HERI<br>Regional Solicitor<br><br>LEAH A. WILLIAMS<br><br>Associate Regional Solicitor<br>MAUREEN CAFFERKEY<br>Wage and Hour Counsel<br><br>Date: 6/29/21 | **For Defendant TTMT, Inc. d/b/a Genesis Restaurant** (the undersigned represents he/she has the authority to sign this Consent Order and Judgment both individually and on behalf of each of the Defendants named above and hereby consents to the entry of this Consent Order and Judgment in accordance with its terms and conditions):<br><br>X _(signature)_ /Date: 6/4/21<br>Tom Tsopelas<br>President of Defendant TTMT, Inc. d/b/a Genesis Restaurant<br>3740 S. 108th Street<br>Greenfield, Wisconsin 53288<br><br>**For Defendant Tom Tsopelas, Individually:**<br><br>X _(signature)_ /Date: 6/4/21<br>Tom Tsopelas<br>3740 S. 108th Street<br>Greenfield, Wisconsin 53288<br><br>**For Defendant George Tsopelas, Individually:**<br><br>X _(signature)_ /Date: 6/4/21<br>George Tsopelas<br>3740 S. 108th Street<br>Greenfield, Wisconsin 53288<br><br>**Attorneys for Defendants:**<br><br>/s/ *Oyvind Wistrom, Esq.*/Date: 6/7/2021<br>Oyvind Wistrom<br>State Bar No. 1024964<br>411 East Wisconsin Ave., Suite 1800<br>Milwaukee, WI 53202-4498<br>Phone: 414-273-3910; Fax: 414-298-9873<br>owistrom@lindner-marsack.com |

# EXHIBIT A
Period Covered - 12/31/16-4/22/18

| NAME | BWs | LDs |
|---|---|---|
| Acker, Mark | $22.71 | $22.71 |
| Benning, Jessica | $291.53 | $291.53 |
| Burgmeister, Theresa | $232.00 | $232.00 |
| Dominguez, Sergio | $5,666.67 | $5,666.67 |
| Falcon, Everado | $347.56 | $347.56 |
| Galloway, Lindsey | $912.03 | $912.03 |
| Ignatowski, Cassandra | $266.37 | $266.37 |
| L'Hullier, Samantha | $271.28 | $271.28 |
| Martinez, Ana | $114.16 | $114.16 |
| Martz, Amanda | $52.78 | $52.78 |
| Parrish, Haley | $48.49 | $48.49 |
| Reib, Debra | $47.26 | $47.26 |
| Reyes, Felipe | $5,666.67 | $5,666.67 |
| Rezza, Michelle | $30.07 | $30.07 |
| Siejkowski, Lori | $66.90 | $66.90 |
| Slinker, Michael | $88.38 | $88.38 |
| Stout, Sierra | $143.62 | $143.62 |
| Teschendorf, Tiffany | $24.55 | $24.55 |
| Valerio, Marco | $4,333.33 | $4,333.33 |
| Vang, Sabra | $46.65 | $46.65 |
| Webber, Brittany | $34.37 | $34.37 |
| TOTAL: | $18,707.38 | $18,707.38 |